CLARENCE A. BURLEY, AS EXECUTOR OF TRUSTEE UNDER THE LAST
WILL AND TESTAMENT OF ELIZABETH J. WHITNEY, DECEASED,
LOUISA CHAPIN TELLING, ELIZABETH CHAPIN GREENE,
EDWARD F. CHAPIN, JR., AND MARY W. WHITE

*v.*

STATE OF ILLINOIS.

*Opinion filed October 2, 1916.*

1. INHERITANCE TAX—*contingencies the happening of which may authorize refund.* Where an estate is left in trust for a limited period with a provision that, upon the happening of a contingency, the estate should vest and in which case a tax has therefore been fixed as of the date of the death of the testator, which tax has been paid, a refund should be made if by the happening of the contingency the estate be circumstanced such that it would have been liable to a lesser tax.

2. INTEREST—*when allowed.* Where a tax has been fixed and the same paid, and the happening of an event changes the situation of the parties so that a lesser tax would be due, interest will be allowed on the excess paid from the date of payment.

Clarence A. Burley, for Claimants.

P. J. Lucey, Attorney General, for State.

Elizabeth J. Whitney died October 13, 1910, leaving a last will and testament which was probated in the Probate Court of Cook County on October 22, 1910.

The residuary estate was left in trust in equal portions to four grandchildren, Louisa Chapin, now Louisa Chapin Telling, Elizabeth Chapin, now Elizabeth Chapin Greene, Edward Fischer Chapin, Jr., and Mary W. White, the will providing that the trustee should hold the respective portions of each of the beneficiaries until such beneficiary should attain the age of thirty years.

On proceedings to fix the inheritance tax, it was found that the fair market value of the estate was $63,666.18, and the estate was taxed on the basis that only the eldest grandchild would attain the age of thirty years. Allowing the statutory exemption of $20,000.00, the tax was fixed at one per cent on $43,666.18, or $436.66. This amount less five per cent discount was paid within six months, under protest. Payment was made out of the assets of the estate, by agreement among the legatees.

Louise Chapin Telling attained the age of thirty years on June 30, 1912, and Elizabeth Chapin Greene attained the age of thirty years in September, 1914.

Because of the fact that more than one of the heirs has now attained the age of thirty years, claim is now made that an additional exemption of $20,000.00 should have been allowed. Demand for such

return was made on the County Treasurer of Cook County, and the State Treasurer of the State of Illinois, and these demands met with refusal to refund. Claim is now made for a refund of the tax on $20,-000.00, which exemption would have been allowed the second grandchild, had she been thirty years of age at the time of the fixing of the tax, and claimants rely on section 25 of the inheritance tax law.

The tax was levied at the highest rate that would be possible, and it is apparent that a refund should be allowed in this case.

Inasmuch, as the tax was paid within the six months period, and a five per cent discount was allowed, claimants state that $190.00 was the amount of overpayment to which they should be entitled to an award.

In the opinion of this Court, a refund should be allowed. We, therefore, award the claimants the sum of $190.00 together with interest at the rate of 3% from March 30, 1911, the date the tax was paid.